# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | PHILIP G. REINHARD | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50422 | **DATE** | 11/22/2002 |
| **CASE TITLE** | Erick Johnson (B-68544) v. Dep. Meceli #649, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    For the reasons stated on the reverse Memorandum Opinion and Order, the court grants plaintiff's motion for leave to file *in forma pauperis* [3] and motion for appointment for counsel [4]. The trust fund officer at plaintiff's current place of incarceration is ordered to make deductions from plaintiff's account and payments to the clerk of court as stated herein. The clerk shall send a copy of this order to the trust fund officer at Pinckneyville Correctional Center. Patrick E. Ward, Ward & Ward, 316 South Peoria Avenue, P.O. Box 216, Dixon, IL 61021 (815/288-3600), is appointed as counsel for plaintiff. Counsel is given 30 days to file an amended complaint. The warden having custody over plaintiff is commanded to make inmate Erick Johnson (B-68544) available at a designated Department of Corrections video conference facility to appear before the Honorable Magistrate Judge Mahoney for a status/settlement conference on January 10, 2003 at 11:30 a.m.. Defendants Bosco, Richard Myers, David Snyder, Doug Scott, James Gitz, the City of Freeport, and the City of Rockford are dismissed from this action.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| X | Notices mailed by judge's staff. | | NOV 22 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| X | Copy to judge/magistrate judge. | | 11/22/02 date mailed notice | |
| | CLH courtroom deputy's initials | U. S. DISTRICT COURT 2002 NOV 22 PM 2: 25 Date/time received in central Clerk's Office | CR mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff is granted leave to file in forma pauperis. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $ 16.96. The trust fund officer at plaintiff's current place of incarceration is authorized to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the correctional facility where plaintiff is confined is authorized to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $150 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Fiscal Dept., and shall clearly identify plaintiff's name and the case number assigned to this action. The clerk shall send a copy of this order to the trust fund officer at the Pinckneyville Correctional Center.

Plaintiff alleges that defendants McLester, K-9 Bosco (dog), Meceli, and Yalden used excessive force when they arrested him on November 6, 2001. Plaintiff claims that defendants McIlvanie and Novay watched and participated in the use of excessive force. Plaintiff alleges that McIlvanie did not have probable cause to pursue him.

According to the facts as stated by plaintiff, he has stated a colorable claim for use of excessive force and arrest without probable cause as to defendants McLester, Meceli, Yalden, McIlvani, and Novay. However, Bosco, the dog, is not a "person" subject to suit under §1983 (or any other statute). *See Dye v. Wargo*, 253 F.3d 296, 299 (7th Cir. 2001). Bosco is accordingly dismissed from this action.

Besides the officers, plaintiff names the sheriffs of Winnebago and Stephenson Counties, the mayor of Rockford, the mayor of Freeport, and the cities of Rockford and Freeport, claiming either that the defendants failed to train or supervise the officers or are responsible for their alleged wrong-doing. There are only limited circumstances in which a failure to train will be characterized as a municipal policy under § 1983. *Robles v. City of Fort Wayne*, 113 F.3d 732, 735 (7th Cir. 1997) (citations omitted). Inadequate police training may support a § 1983 claim only where the failure to train amounts to deliberate indifference of the rights of persons with whom the police come into contact. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). The standard is met where, in light of a specific officer's duties, the need for more or different training is "obvious," and the existing inadequacy is likely to result in a constitutional violation. *Id.* at 390. The City would have to possess actual or constructive notice that such a failure to train would likely result in constitutional deprivations. *Robles*, 113 F.3d at 735. Such notice could be established through learning of a pattern of constitutional violations, or where a clear constitutional duty is implicated in recurrent situations that a particular officer is likely to face. *Id.* (citations omitted). Plaintiff fails to allege that any of these defendants was on notice of a pattern of constitutional violations or a recurrent situation that would create an obvious need for certain training. In fact, his complaint is a recitation of the events that transpired in regard to him on November 6, 2001. Moreover, a § 1983 suit against a governmental entity under a theory of *respondeat superior* does not state a claim. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). Defendants Richard Myers, David Snyder, Doug Scott, James Gitz, the City of Freeport, and the City of Rockford are accordingly dismissed from this action.

Patrick E. Ward, Ward & Ward, 316 South Peoria Avenue, P.O. Box 216, Dixon, IL 61021 (815/288-3600), is appointed as counsel for plaintiff. Failure of plaintiff to notify the court and counsel of any change in mailing address or telephone number may result in dismissal of this lawsuit with prejudice.

Within 30 days of the date of this order, appointed counsel is directed to file an amended complaint and, pursuant to the requirements of Rule 4(d)(2) of the Federal Rules of Civil Procedure, to notify defendant(s) of the commencement of the action and to request waiver of service of summons. *See* Form 1A and 1B, Fed.R.Civ.P. Appendix of Forms. The notices and requests for waiver shall be in the name of each defendant employed by the County of Winnebago and directed c/o Assistant State's Attorney Charles Prorok, Chief, Civil Division, 404 Elm Street, Rockford, IL 61101. If Assistant State's Attorney Prorok cannot obtain a signed waiver of service of summons from any such employee, he shall notify plaintiff's counsel by mail within 10 days of receiving the request for waiver of service. Then plaintiff's counsel shall direct notice to such defendant(s) at the defendant's home address or seek personal service by U.S. Marshal. Any other defendant(s) not a County of Winnebago employee shall be notified of the suit and requested waiver of service in accordance with Rule 4(d)(2).

It is further ordered that this cause is set for initial status on January 10, 2003 at 11:30 a.m..